**MONARCH INSURANCE COMPANY OF OHIO, Plaintiff,**

**v.**

**Donald LANKARD, Executor of the Estates of Wallace R. Seavers, Deceased, and Norma J. Seavers, Deceased, Daniel Lankard, Cora Lankard, Roberta L. Comer (Special Administrator of the Estate of Wallace R. Seavers, Deceased), Defendants.**

Civ. A. No. 87–2531–S.

United States District Court, D. Kansas.

April 10, 1989.

Franklin Weidling, Boddington & Brown, Kansas City, Kan., and Fred C. Begy, III, Adler, Kaplan & Begy, Chicago, Ill., for plaintiff.

Roger W. McLean, Barnett & Ross, Chartered, Kansas City, Kan., for Donald Lankard, Daniel Lankard and Cora Lankard.

William F. Dunn, Prairie Village, Kan., for Roberta Comer.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for summary judgment. Plaintiff Monarch Insurance Company of Ohio ("Monarch") brought this declaratory judgment action, asking that the court rule Monarch has no duty to defend or indemnify the Estate of Wallace R. Seavers in cases now pending in the District Courts of Wyandotte County, Kansas and Johnson County, Kansas.

The uncontroverted facts for purposes of this motion are as follows. Monarch issued two aircraft hull and liability insurance policies to Wallace R. Seavers. Those policies covered the periods from September 29, 1984 through September 29, 1985 and September 29, 1985 through September 29, 1986. The policies were to insure an aircraft co-owned by Wallace R. Seavers and his wife, Norma J. Seavers. In applying for the insurance, Mr. Seavers indicated on the application that he was the owner of the plane, subject to a mortgage. That application provided that both the information given on the application, along with the terms of the policy later issued by Monarch, would be the terms of the contract between the parties. Both the 1984–1985 and 1985–1986 policies provided that "the Insured represents ... that the Named Insured is the sole and unconditional owner of the aircraft, except as otherwise noted in [the] policy." Nowhere in his applications for insurance did Mr. Seavers indicate that his wife was a co-owner of the aircraft, nor was this fact indicated by the terms of the policy.

At the time the policies were issued, a standard Non–Cross Liability Endorsement was also issued. It provided that the "policy does not apply to ... claims or suits by an insured against any other insured." Monarch's underwriting program mandated that "[i]n the case of multiple ownership, ... all owners and entities must be shown as Named Insureds and the Non–Cross Liability Endorsement used."

On October 5, 1985, the Seavers' aircraft crashed and both Wallace R. and Norma J. Seavers were killed in the accident. The Estate of Norma J. Seavers has now filed suit against the Estate of Wallace R. Seavers in Wyandotte County, Kansas District Court and Johnson County, Kansas District Court, and plaintiff Monarch is being asked to defend Mr. Seavers' Estate and to indemnify it for any relief Mrs. Seavers' Estate obtains in the cases.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere

allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block,* 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

As the contract of insurance now stands, Monarch is obligated to defend and indemnify the Estate of Wallace R. Seavers in the pending actions, because under the terms of the insurance agreement, Monarch is required to defend and indemnify in any suit by a non-insured for personal injury. On the face of the applications and policies, Norma J. Seavers is a non-insured. However, Monarch asks for reformation of the insurance contract because Mr. Seavers misrepresented that he was the sole owner (subject to a mortgage) of the aircraft, when in fact his wife was a co-owner. If he had indeed represented this additional fact, the underwriting guidelines of Monarch would have mandated that Mrs. Seavers be listed on the policy as a Named Insured and that the Non–Cross Liability Endorsement apply to her. Thus, Monarch would not be liable on a suit by Mrs. Seavers' estate against her co-insured, her husband. Kansas law provides that a written contract may be reformed when there is ignorance or mistake on the part of one of the parties and fraud or inequitable conduct on the part of the other. *Andres v. Claassen,* 238 Kan. 732, 740, 714 P.2d 963, 969 (1986); *Seyb–Tucker Lumber & Implement Co. v. Hartley,* 197 Kan. 58, 65–66, 415 P.2d 217, 223 (1966). Policies of insurance are subject to this general rule of contracts. *Rider v. State Farm Mutual Automobile Ins. Co.,* 514 F.2d 780, 783 (10th Cir.1975) (applying Kansas law). A party seeking reformation of a contract must stand upon some equity superior to that of the party against whom the reformation is sought. *Schlatter v. Ibarra,* 218 Kan. 67, 70, 542 P.2d 710, 714–15 (1975). Reformation is an extraordinary remedy and courts generally should exercise it with great caution. *Mutual of Omaha Ins. Co. v. Russell,* 402 F.2d 339, 344 (10th Cir. 1968), *cert. denied,* 394 U.S. 973, 89 S.Ct. 1456, 22 L.Ed.2d 753 (1969) (applying Kansas law).

Monarch claims it is entitled to reformation of the insurance contract because Mr. Seavers misrepresented that he was the sole owner (subject to a mortgage) of the aircraft, when in fact this was not the case. In order to establish fraud or misrepresentation, Monarch must show that Mr. Seavers made an untrue statement of fact which he knew to be untrue, that he made the statement with the intent to deceive or with reckless disregard for its truth, that Monarch justifiably relied on this statement, and that it acted to its detriment. *Lentz Plumbing Co. v. Fee,* 235 Kan. 266, 270, 679 P.2d 736, 742 (1984). Defendants do concede that though Mr. Seavers certified in the application for insurance that he was the sole owner (subject to a mortgage), his wife was in fact a co-owner of the aircraft. Thus, he made an untrue statement of fact. Further, defendants do not seem to argue that he did not know his wife was co-owner of the aircraft. Since Mr. Seavers stated he was the sole owner of the aircraft, when in fact he knew his wife was a co-owner, he did make an untrue statement of fact which he knew to be untrue, and he made that statement with reckless disregard for its truth. Finally, Monarch shows the court that it justifiably relied on this statement, because contrary to its underwriting mandate, it did not require Mrs. Seavers be named as a co-insured on the policy or that a Non–Cross Liability Endorsement be applied to her. As a result of this reliance, Monarch appears obligated to defend and indemnify Mr. Seavers' Estate in the pending actions in state court.

The court is satisfied that Monarch has established sufficient grounds to reform the contract of insurance to reflect Norma J. Seavers as a co-owner and co-insured. As a result, the court will grant summary judgment and rule that plaintiff is not obligated to defend and indemnify Mr. Seavers' Estate in the pending state court actions.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for summary judgment is granted. Plaintiff Monarch Insurance Company of Ohio's policy is reformed, as more fully set out in this Memorandum and Order, and plaintiff Monarch Insurance Company of Ohio has no duty to indemnify or defend the Estate of Wallace R. Seavers in the pending cases against it brought by the Estate of Norma J. Seavers in the District Court of Wyandotte County, Kansas and the District Court of Johnson County, Kansas.